Mr. Justice Clayton,
delivered the opinion of the court.
Frazier filed his petition in the circuit court of Adams county, under the mechanic’s lien law, to subject a certain lot in the city of Natchez to the payment of a debt due to him as a mechanic. Falconer, who was then the only defendant, filed an answer in which he denied that he was either the lessor or proprietor of the lot in question. Frazier then, by leave of the court, amended his petition and made one Robert T. Hawes a defendant. An affidavit was filed, that Hawes was a nonresident, and an order of publication was made against him. At the November term, 1843, upon proof that publication had been made, a judgment by default was entered against Hawes. Up to the time of this judgment, there had been no appearance upon the part of Plawes, either in person or by attorney; — after the judgment by default, but at the same term, counsel appeared and moved to set it aside and to plead. The proceeding in the case was at law, the suit was brought and conducted throughout as a common-law suit. After the judgment by default, a jury was empanelled to assess the damages, who did assess them against both the defendants jointly.
The statute does not authorize a proceeding by publication in a case of this kind. Unless in certain excepted cases, made so by statute, a judgment without service of process, or that which is regarded as. equivalent, cannot be sustained. This case does not fall within any of the exceptions. The judgment by default, therefore, should not have been rendered. It was a nullity for want of proper notice. The motion to set it aside and for leave to plead, should have been granted; and it is now accordingly directed to be done.
In regard to the other defendant, Falconer. After the verdict above referred to, and a final judgment as to both defendants, a new trial was granted to him. At a subsequent term this trial was had, and after verdict another judgment, for a different sum, was entered against him, so that the plaintiff in the same suit has two distinct judgments for different sums. This was also erroneous. See 2 How. 805; 7 How. 304. The judgment must therefore be reversed as to both defendants, and the cause remanded.
*243 The defendant Falconer filed a plea putting in issue the fact that he was the proprietor or lessor of the premises on which the building was erected or repaired. The statute does not contemplate the trial of such an issue in this form of proceeding. Nothing can be affected by the judgment, except the interest of the party to the record. If the party have no interest, the judgment will confer no lien. The lien will be confined to the actual interest. The rights of third persons, not parties to the suit, remain as they were previously. We regard the issue as tendered by that plea therefore as wholly immaterial.
Judgment reversed, cause remanded, and new trial awarded.